J-S42018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EARL GEORGE | |
| Appellant | No. 1380 WDA 2015 |

Appeal from the PCRA Order August 13, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000330-2007
CP-10-CR-0000605-2008

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JULY 08, 2016**

James Earl George appeals *pro se* from the order entered August 13, 2015, in the Court of Common Pleas of Butler County, denying his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. George seeks relief from the judgment of sentence of an aggregate 25 to 50 years' imprisonment imposed on February 27, 2009, following his convictions in two cases. At Criminal Docket No. 330-2007, George was convicted of two counts of rape and one count each of involuntary sexual intercourse, unlawful restraint, sexual assault,

_____

[*] Former Justice specially assigned to the Superior Court.

and terroristic threats.[1] At Criminal Docket No. 605-2008, George was convicted of three counts of aggravated assault, two counts of simple assault, and one count of resisting arrest.[2] On appeal, George argues that the PCRA court erred in denying his second petition for post-conviction relief following the United States Supreme Court decisions in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013),[3] and ***Teague v. Lane***, 109 S. Ct. 1060 (1989).[4] Based upon the following, we affirm.

_____

[1] ***See*** 18 Pa.C.S. §§ 3121(a)(1), (a)(2); 3123(a)(1), 2902(a)(1), 3124.1, and 2706(a)(1), respectively.

[2] ***See*** 18 Pa.C.S. §§ 2702(a)(2), (a)(3), (a)(6); 2701(a)(1), (a)(3); and 5104, respectively.

[3] In ***Alleyne***, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, ***supra***, 133 S. Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that our mandatory minimum sentencing statutes are unconstitutional where the language of those statutes "permits the trial court, as opposed to the jury, to increase the defendant's minimum sentence based upon a preponderance of the evidence" standard. ***Commonwealth v. Newman***, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc), appeal denied*, 121 A.3d 247 (Pa. 2015). ***See Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015) (invalidating 18 Pa.C.S. § 6317); ***Commonwealth v. Vargas***, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), (invalidating 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 495 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not sevarable from the statute as a whole. ***Hopkins***, ***supra***, 117 A.3d at 262; ***Newman***, ***supra***, 99 A.3d at 101.

[4] "Under the ***Teague*** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a [federal] collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed
*(Footnote Continued Next Page)*

The PCRA court summarized the factual and procedural background as follows:

At C.A. No. 330 of 2007, [George] was convicted following a jury trial of two counts of rape and one count each of involuntary deviate sexual intercourse, unlawful restraint, sexual assault, and terroristic threats. At C.A. No. 605 of 2008, [George] was convicted following a jury trial of three counts of aggravated assault, two counts of simple assault, and one count of resisting arrest. On February 27, 2009, [George] was sentenced as a sexually violent predator to undergo concurrent terms of incarceration of 300 to 600 months at each of the above-captioned cases **pursuant to the mandatory minimum sentencing statute at 42 Pa.C.S.A. § 9714 as a third strike violent offender**. [George] appealed the respective judgments of sentence. His consolidated appeal to the Superior Court of Pennsylvania was denied by Memorandum dated September 3, 2010. [**Commonwealth v. George**, 13 A.3d 972 (Pa. Super. 2010) (unpublished memorandum).] A Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on September 26, 2011. [**Commonwealth v. George**, 30 A.3d 487 (Pa. 2011).] On December 5, 2011, [George] filed, in each of the above-captioned criminal actions, a petition under the Post Conviction Relief Act. Counsel was appointed and was eventually permitted to withdraw after filing a **Turner**/**Finley**[1] no merit letter. On or about November 8, 2012, the petitions were dismissed without a hearing. The Superior Court of Pennsylvania affirmed the dismissal of [George]'s petitions by Memorandum dated June 5, 2013.[2] [**Commonwealth v. George**, 82 A.3d 455 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, ___ A.3d ___ [2013 WL 11262343] (Pa. 2014).]

---

[1] **Commonwealth v. Turner**, [544 A.2d 927 (Pa. 1998)]; **Commonwealth v. Finley**, 550 A.2d 213 ([Pa. Super.] 1988).

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." **Whorton v. Bockting**, 549 U.S. 406, 416 (2007) (internal citations omitted).

[2] On January 16, 2014, the Pennsylvania Supreme Court denied [George]'s Petition for Leave to File Petition for Allowance of Appeal *Nunc Pro Tunc.*

_____

PCRA Court Opinion, 7/21/2015 at 1-2 (emphasis added).

On June 24, 2015, George filed this second *pro se* Post Conviction Relief Act petition. Thereafter, on July 21, 2015, the PCRA court issued notice of intention to dismiss pursuant to Pa.R.Crim.P. 907. Following the filing of objections by George to the Rule 907 notice, the PCRA court dismissed his PCRA petition on August 13, 2015. George then filed this timely appeal.

Our standard of review is well settled: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." **Id.** (citation omitted).

Generally, all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. **See** 42 Pa.C.S. § 9545(b)(1). The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, Section 9545(b)(2) states: "Any petition

invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, George's PCRA petition is patently untimely. The Pennsylvania Supreme Court denied George's petition for allowance of appeal on September 26, 2011, and the judgment of sentence became final upon the expiration of the 90 day period for filing a petition for writ of certiorari to the United States Supreme Court, on December 26, 2011.[5] Therefore, George had until December 26, 2012 to file a timely petition. George does not dispute that his petition was untimely filed on June 24, 2015. However, based on *Alleyne*, George implicitly invokes the constitutional right exception, set forth at 42 Pa.C.S. § 9545(b)(1)(iii). His claim fails for the following reasons.

First, subsection 9545(b)(1)(iii) applies where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and *has been held by that court to apply retroactively*." 42 Pa.C.S. § 9545(b)(1)(iii) (emphasis added). In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. 2014), a panel of this Court held that an *Alleyne* claim fails to satisfy the new constitutional right exception because "neither

_____

[5] Because the ninetieth day of the appeal period expired on December 25, 2011, Christmas day, the appeal period ended on December 26, 2011. *See* 1 Pa.C.S. § 1908 ("Computation of time").

our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Id.* at 995.

Furthermore, *Alleyne* was decided by the United States Supreme Court on June 17, 2013, and George did not file the instant petition until June 24, 2015. Consequently, George failed to raise his claim within 60 days, as required by 42 Pa.C.S. § 9545(b)(2). *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) ("[T]he sixty day period [of Section 9545(b)(2)] begins to run upon the date of the underlying judicial decision." (citation omitted)).

Accordingly, we agree with the PCRA court that the instant PCRA petition was untimely.[6] Therefore, we affirm the order of the PCRA court denying this petition.

Order affirmed.

_____

[6] In any event, as the PCRA court correctly notes, "[t]he holding of *Alleyne* is inapplicable to mandatory minimum sentences based on prior convictions." Trial Court Opinion, 7/21/15 at 5 n.4. *See Commonwealth v. Reid*, 117 A.3d 777, 784-785 (Pa. Super. 2015). Here, George was sentenced pursuant to 42 Pa.C.S. § 9714. Section 9714 provides mandatory minimum sentences for individuals with prior convictions of violent crimes. Therefore, George could not rely on *Alleyne* to challenge his sentence as it relates to his two prior convictions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/8/2016